[No. 12563.   Department One.   August 11, 1915.]

JOHN D. COCHRAN *et al.*, *Appellants*, v. PHILLIP REMILLARD
*et al.*, *Respondents.*[1]

APPEAL—REVIEW—FINDINGS.   In actions tried to the court without a jury, legal or equitable, there must be a trial *de novo* on the record, and the judgment will be affirmed only when the supreme court is satisfied that the evidence does not preponderate against the findings.

VENDOR AND PURCHASER—SALE OF LAND—FRAUD—EVIDENCE—SUFFICIENCY.   In an action for rescission of a trade on the ground of defendant's fraud in falsely representing that 310 acres of his land was cultivated, findings for the defendant are sustained by his testimony and that of two other witnesses to the effect that defendant represented that there were about 310 acres cultivated, that it had never been measured and he did not know its exact area, but had bought it for that, and that plaintiff became suspicious and on that account demanded and received considerable additional personal property in the trade.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 30, 1914, upon findings in favor of the defendants, in an action for damages for fraud, tried to the court.   Affirmed.

*Herbert C. Bryson*, for appellants.

*John C. Hurspool* and *E. W. Benson*, for respondents.

HOLCOMB, J.——Appellants brought their action to recover from the respondents the sum of $1,198.20, as the value of an alleged shortage in the respondents' acreage of lands sold by respondents to appellants.   It was alleged that the stipulated price of the lands was $55 per acre, and that respondents falsely represented that there were 310 acres of land in cultivation and farmed for grain, but in truth and fact there were only 270.06 acres of land cultivated and farmed in grain; that the land was hilly and irregular in shape so that its area could not be ascertained, and that they believed and

[1]Reported in 150 Pac. 1197.

relied upon these representations. Respondents denied a purchase at any stated sum per acre, alleged an exchange of properties, denied the allegations as to misrepresentations and averred that appellants relied upon their own inspection, investigation, and knowledge. On these issues, the parties went to trial, waiving a jury and trying the case to the court. The testimony on these issues is conflicting, not in degree, but totally. The court believed the respondents and their witnesses, and found accordingly.

Respondents erroneously assume that "if there is any evidence to support the findings it becomes our duty to affirm the decision." We again point out for the benefit of the profession that such is not the rule, as has been pointed out in a great number of cases the past few years. The rule is, in cases tried by the superior court without a jury, whether law or equity, that we must try them on the record made below, but *de novo;* and will affirm the trial court when, and only when, we can say that we are satisfied that the evidence does not preponderate against the findings. *Baker v. Yakima Valley Canal Co.,* 77 Wash. 70, 137 Pac. 342, and many cases down to and including *Cornwall v. Anderson,* 85 Wash. 369, 148 Pac. 1. But even under the rule so stated, there is ample testimony to support the trial court in its findings, so that we cannot here say that we are satisfied the evidence preponderates against the findings.

As against the testimony of appellants and their son, placing the strongest construction thereon that can be placed as to the representations of quantity, there is the testimony of respondent Phillip Remillard and two other witnesses, that it was represented to appellants that there were *about* 310 acres in cultivation, in grain, alfalfa, orchard, and garden; that the land had never been measured or surveyed; that respondent did not know the exact area in cultivation, but had bought it for that; that Mr. Cochran and his son had become "suspicious," had questioned the acreage in cultivation before the contract was signed, and had demanded, because thereof,

considerable personal property additional, and that a combine harvester, a grain drill, a disc plow, and 225 sacks of barley had been added and conveyed to him. In exchange for the land and personal property, appellants conveyed their apartment house and furniture.

Further discussion is needless and profitless. The trial court having seen the parties and witnesses, observed their manner of testifying, being fully capable of judging of their understanding and credibility, and finding for respondents upon competent and sufficient evidence, we will not disturb the result.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and CROW, JJ., concur.